ROANE, Judge.
The first judgment rendered in the Court of Hustings in tHis cause, was, that the plaintiff recover 1241. 14s. 634.
As this judgment is reversed, and I think rightly, by the District Court, it is no further material to be considered, at present, than as it is referred to in the special verdict rendered on the second trial.
That verdict finds for the plaintiff, “according to the former judgment,” i. e. as it might be supposed, that the plaintiff should recover the sum awarded him by that judgment, viz: 1241. 14s. 6d, ; but, the jury go on to find for the plaintiff 701. 4s. 134 with interest from the 24th of Septem-' ber, 1791, subject to the opinion of the Court, upon the point, “whether an administrator can pay off a debt due by judgment against his intestate, on which said1 judgment and execution had issued- after a scire facias made known to him, to revive a judgment obtained against his ' intestate in his life?”
This latter sum is that, for which the Hustings Court entered judgment; and I understood Mr. Wickham, as according with the Court in interpreting the meaning of the jury to be, that this sum was that to be recovered by the plaintiff.' '
^'Notwithstanding this admission of the appellant’s counsel (if I understood-him correctly) of his understanding the finding to relate to the smaller sum, but which admission I presume he did not mean should bind his client, the latter part of the verdict is in hostility with the former, in respect to the sum to be recovered, and-the meaning of the jury, as to this essential fact, cannot be clearlj' ascertained.
My own construction of this verdict would rather have been, that the jury, by the first part of the verdict, found (by reference) the 1241. due to the plaintiff; that they then gave a reason for this finding, by stating that the administrator had assets at the time of issuing the scire facias to the amount of 1241. ; and, that they found a *562 further sum of 701. 4s. 134. subject to the question submitted.
But, however, the true construction of the verdict may be, it is evident, that a considerable uncertainty exists in this respect, which could not be aided by any opinion the Court might form upon the point submitted. The Court could never render any judgment upon this verdict, without the danger of mistaking the meaning of the jury, as to the amount of the sum, by them, considered to be due.
This is a strong case, therefore, for a venire de facias novo; which ought to have been awarded by the District Court, instead of giving final judgment for the appellee.
FLEMING, Judge. The verdict is too uncertain to enable the Court to form a satisfactory opinion upon it: and, therefore, I think a venire facias de novo must be awarded.
CARRINGTON, Judge. The verdict doe's not even shew when the execution issued; and, in short, it is so uncertain, as to all the material points, that there is no way of doing, justice between the parties, but by awarding a venire facias de novo.
LYONS, Judge. Concurred.
Venire facias de novo, awarded.